UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

                                      Criminal No. 00-80466

vs.

                                      HON. GEORGE CARAM STEEH

ROBERT LEE CHILDRESS,

    Defendant-Petitioner.
_____/

ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [DOC. 41]; DENYING
MOTION TO VACATE SENTENCE UNDER § 2243 [DOC. 56]; GRANTING
GOVERNMENT'S MOTION TO DISMISS PETITION AS UNTIMELY [DOC. 57];
DENYING PETITIONER'S MOTION FOR INJUNCTION [DOC. 49, AND DENYING
<u>PETITIONER'S MOTION TO STAY STATE PROCEEDINGS [DOC. 50]</u>

      Petitioner Robert Lee Childress was indicted on October 17, 2000, on charges that he committed Bank Fraud in violation of 18 U.S.C. §1344 and False Statement in violation of 18 U.S.C. §1014. On February 28, 2002, petitioner pleaded guilty to one count of False Statement. On June 13, 2002, petitioner was sentenced to an 11-month term of imprisonment, followed by five years of supervised release. The Judgment of Sentence was entered on June 18, 2002. Petitioner filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on December 30, 2009.

      Because petitioner did not file a direct appeal, his conviction became final 14 days following the entry of the Judgment. Fed. R. App. P. 4(b)(1); Fed. R. Crim. P. 45(a). Under 28 U.S.C. §2255(f)(1), petitioner had one year from the date his conviction became final to file his §2255 petition complaining that he is not guilty, his attorney was ineffective, he was the victim of an illegal search and seizure as well as prosecutorial and police misconduct, that his sentence is cruel and unusual and that his due process

and equal protection rights have been violated. Petitioner's conviction became final on July 2, 2002, so his §2255 petition had to be filed on or before July 2, 2003.

Petitioner's motion, which was filed on December 30, 2009, is untimely and shall be DISMISSED. Respondent's motion for dismissal of petitioner's §2255 motion as untimely is GRANTED.

On May 19, 2010, petitioner filed a §2243 motion, claiming that the extensions of time given the government caused "inexcusable delays." This provision applies to the court's responsibility to produce a prisoner who is the subject of a writ and to "... hear and determine the facts, and dispose of the matter as law and justice require." There is no provision in §2243 for vacating petitioner's sentence, which is the relief sought. Therefore, petitioner's §2243 motion to vacate sentence is DENIED.

Petitioner has also filed a motion for injunction and a motion to stay state proceedings. The motion for injunction seeks to prohibit the warden of the Ryan Correctional Facility, where petitioner is housed, from transferring him to another facility. The housing of inmates is a matter within the expertise of the Michigan Department of Corrections. Petitioner's motion for injunction is DENIED. The motion to stay state proceedings pending resolution of the §2255 motion is DENIED AS MOOT given the dismissal of the §2255 petition.
Now, therefore,

Petitioner's motion pursuant to 28 U.S.C. § 2255 is DENIED, petitioner's motion pursuant to 28 U.S.C. §2243 is DENIED, the government's motion to dismiss the §2255 motion is GRANTED, petitioner's motion for injunction is DENIED, and petitioner's motion to stay state proceedings is DENIED.

IT IS SO ORDERED.

Dated: June 30, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 30, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---